IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-095-Z-BQ |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In accordance with *Special Order 3-251*, this habeas petition filed under 28 U.S.C. § 2254 has been automatically referred for findings, conclusions, and recommendation. ECF Nos. 5, 14. Based on the relevant findings and applicable law, the undersigned recommends that the habeas petition be **DISMISSED** as moot. Also, any certificate of appealability should be **DENIED**.

### I. BACKGROUND

Proceeding pro se and *in forma pauperis*, Jay Anthony Nottingham filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the revocation of his parole. ECF No. 1. Respondent filed a preliminary answer and Petitioner replied. ECF Nos. 18, 27. In the meantime, it appears that Petitioner has been paroled again, thus rendering moot the pending petition. ECF No. 32.

### II. DISCUSSION

Petitioner's release from custody after the filing of the petition does not cause the petition to become moot on the theory that Petitioner no longer satisfies the "in custody" provision of § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, his release may have caused the

petition to become moot because it no longer presents a case or controversy under Article III, § 2 of the United States Constitution. *Id.*

As part of the case or controversy requirement, Petitioner must establish that he has standing to pursue his petition. *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing must exist throughout the case and if it does not, the case becomes moot. *See Spencer*, 523 U.S. at 7.

To successfully demonstrate standing, a petitioner must establish three elements: (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood (as opposed to mere speculation) that the injury will be redressed by a favorable determination. *Lujan*, 504 U.S. at 560. In the § 2254 parole revocation context, the law recognizes two types of injuries: (1) ongoing incarceration, and (2) collateral consequences. *Spencer*, 523 U.S. at 7. Legally cognizable "collateral consequences" require a "concrete and continuing injury other than the now-ended . . . parole" (*id.*), and courts do not presume the existence of collateral consequences in parole revocation habeas cases. *Id.* at 13–14 (declining "to presume that . . . collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation"). Instead, the petitioner must show that a particular collateral consequence is more than a matter of speculation. *Id.* at 14–18.

In this case, Petitioner identifies no "concrete and continuing injury," but instead complains about earlier revocation procedures and seeks release from confinement. ECF No. 1, at 7. Now that he has been re-released on parole, Petitioner identifies no actual injury that can be redressed by a favorable judicial decision. *See Ramsey v. King*, No. 1:20–CV–10–TBM–RPM, 2021 WL 852196, at *3 (S.D. Miss. Jan. 8, 2021), *R. & R. adopted by* 2021 WL 851487 (S.D. Miss. Mar. 5,

2021); *Hearron v. Banks*, No. 3:18-CV-629-DPJ-JCG, 2020 WL 695673, at *3 (S.D. Miss. Jan. 17, 2020), *R. & R. adopted by* 2020 WL 674436 (S.D. Miss. Feb. 11, 2020).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) "find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the record, Petitioner has not shown that reasonable jurists would question the Court's acceptance of this recommendation, and a certificate of appealability should not issue. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c)(2).

### IV. RECOMMENDATION

For these reasons, the undersigned recommends that the United States District Judge dismiss with prejudice as moot the petition filed in this case. Moreover, a certificate of appealability should not issue.

### V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 28, 2021.

                                                                                   D. GORDON BRYANT, JR.
                                                                                  UNITED STATES MAGISTRATE JUDGE